IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jalen R. Morago,<br><br>  Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>  Respondents. | No. CV-19-01912-PHX-JJT (MHB)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 17) ("R&R") submitted in this matter by United States Magistrate Judge Michelle H. Burns, recommending the Court deny and dismiss with prejudice the Amended Petition for Habeas Corpus (Doc. 9). Petitioner timely filed Objections to the R&R (Doc. 20) and Respondents filed a Response to the objections (Doc. 22). Also at issue is Petitioner's Motion for Certificate of Appealability (Doc. 21).

The Court adopts in whole the R&R and Judge Burns's reasoning supporting it. Judge Burns correctly concluded that Petitioner's convictions became final on January 28, 2016, after the Arizona Court of Appeals affirmed his convictions and granted him until that date—after two extensions—to file a petition for review with the Supreme Court of Arizona, but he never did. Petitioner ultimately timely sought Post Conviction relief, and on November 29, 2016, the state trial court dismissed his petition after finding his claims meritless and or precluded. Thereafter he had 30 days, or until December 29, 2016, to seek review with the Arizona Court of Appeals. On the last day, Petitioner sought an extension to file his petition for review but the Court of Appeals denied the extension request.

1  Petitioner sought reconsideration and filed a second motion for extension, both of which
2  were denied. He never filed for review in the Arizona Court of Appeals or Supreme Court.
3  His one-year period to file for habeas review with this Court therefore commenced on
4  December 30, 2016 and elapsed a year later on January 1, 2018. But he did not initiate
5  these proceedings until March 22, 2019—almost 15 months too late.

6  　　　　Petitioner's filing of a second PCR petition in August 2017, which was dismissed
7  as untimely, and upon review, bot the Arizona Court of Appeals and Supreme Court denied
8  relief from that dismissal. Although Petitioner argues otherwise, his untimely and
9  successive PCR petition and notice did not stop or reset the clock on AEDPA's one-year
10 limitations period. He does not qualify for statutory or equitable tolling for the reasons
11 Judge Burns exhaustively addressed in her R&R.

12 　　　　Petitioner's Objections simply repeat the arguments he made to Judge Burns in his
13 habeas briefing, and those arguments are wrong. The Court will overrule the Objections. It
14 also will deny Petitioner's Motion for Certificate of Appealability because the analysis of
15 statutory limitations periods at issue and Arizona's PCR proceedings under Rule 32
16 necessary to evaluate default is well-covered ground.

17 　　　　IT IS ORDERED adopting the Report and Recommendation (Doc. 17) including its
18 underlying reasoning.

19 　　　　IT IS FURTHER ORDERED denying and dismissing with prejudice the Amended
20 Petition for Habeas Corpus (Doc. 9).

21 　　　　IT IS FURTHER Ordered denying a Certificate of Appealability, upon a finding
22 that jurists of reason would not find the procedural ruling debatable

23 　　　　IT IS FURTHER ORDERED directing the Clerk of Court to terminate this matter.
24 　　　　Dated this 5th day of May, 2020.

　　　　　　　　　　　　　　　　　　　　Honorable John J. Tuchi
　　　　　　　　　　　　　　　　　　　　United States District Judge